**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AKORN HOLDING COMPANY, *et al.*,[1] | : | Case No. 23-10253 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| _____ | : | |
| | : | |
| GEORGE MILLER, Chapter 7 Trustee of the | : | |
| bankruptcy estates of Akorn Holding Company | : | |
| LLC, *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 25-50217 (KBO) |
| | : | |
| VWR INTERNATIONAL, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**VWR INTERNATIONAL, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT FOR AVOIDANCE**
**AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548,**
**& 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant, VWR International, LLC ("**Defendant**"), by and through its undersigned

counsel, hereby responds to the complaint ("**Complaint**") filed in the above-captioned adversary

proceeding and states as follows:

---

[1]   The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## NATURE OF THE CASE

1.      After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 1, and as such, the allegations are denied.

2.      After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 2, and as such, the allegations are denied.

## JURISDICTION AND VENUE

3.      Admitted.

4.      Admitted.

5.      The allegations and averments of paragraph 5 speak for themselves. To the extent a response is required, the allegations of paragraph 5 are denied.

6.      Admitted.

7.      Admitted.

8.      The allegations and averments of paragraph 8 are legal conclusions to which no response is required, and such allegations are therefore denied.

## THE PARTIES

9.      Admitted in part and denied in part. Defendant admits that Plaintiff is the chapter 7 trustee in the Debtors' chapter 7 cases and was appointed on or about February 23, 2023 ("**Petition Date**"). After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 9, and as such, the allegations are denied.

- 2 -

10.     The allegations and averments of paragraph 10 are legal conclusions to which no response is required, and such allegations are therefore denied.

11.     Admitted in part and denied in part. Defendant admits that prior to the Petition Date, Defendant provided goods and/or services to the Debtors. The remaining allegations in paragraph 11 are denied.

## **BACKGROUND**

12.     Admitted.

13.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 13, and as such, the allegations are denied.

14.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 14, and as such, the allegations are denied.

15.     Admitted in part and denied in part. Defendant admits that it provided goods and/or services to one or more of the Debtors prior to the Petition Date. The remaining allegations of paragraph 15 are denied.

16.     Admitted in part and denied in part. Defendant admits that prior to the Petition Date it received payments from one or more of the Debtors in total amount of $193,840.72. The remaining allegations in paragraph 16 are denied. By way of further answer, Defendant denies certain of the details of the alleged transfers listed on Exhibit A to the Complaint.

17.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 17, and as such, the allegations are denied.

DMS_US.372033956.3

18.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 18, and as such, the allegations are denied.

19.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 19, and as such, the allegations are denied. By way of further answer, Plaintiff has an affirmative obligation to investigate the validity and strength of the claims asserted in the Complaint. Defendant reserves all rights with respect to whether Plaintiff complied with his obligations.

20.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 20, and as such, the allegations are denied. By way of further answer, Plaintiff has an affirmative obligation to investigate the validity and strength of the claims asserted in the Complaint. Defendant reserves all rights with respect to whether Plaintiff complied with his obligations.

21.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 21, and as such, the allegations are denied. By way of further answer, Defendant reserves all rights with respect to any attempt by Plaintiff to amend the Complaint, including, without limitation, any attempt to assert Defendant is liable for transfers other than those identified in the Complaint and any attempt to relate an amended complaint back to the Complaint.

22.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 22, and as such, the allegations are denied.

- 4 -

23.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 23, and as such, the allegations are denied.

24.     After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 24, and as such, the allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

25.     Defendant repeats the responses set forth in Paragraphs 1 through 24 above with the same force and effect as if fully set forth at length herein.

26.     Admitted in part and denied in part.  Defendant incorporates its response to paragraph 16 as if set forth herein.

27.     Denied. After reasonable investigation, Defendant lacks sufficient information to form a belief as to the veracity of the allegations set forth in paragraph 27, and as such, the allegations are denied.

28.     Admitted in part and denied in part. Defendant admits that it supplied goods and/or services to one or more of the Debtors and the payments it received prior to the Petition Date were payments made on account of such goods and/or services. The remaining allegations of paragraph 28 are conclusions of law to which no response is required.

29.     The allegations and averments of paragraph 29 are legal conclusions to which no response is required, and such allegations are therefore denied.

30.     The allegations and averments of paragraph 30 are legal conclusions to which no response is required, and such allegations are therefore denied. By way of further answer, Defendant expressly and specifically denies that it received the Transfers (as defined in the Complaint).

31.     Denied. Paragraph 31 contains legal conclusions to which no response is required and allegations that Defendant lacks sufficient information to form a belief as to their veracity, and such allegations are therefore denied.

32.     Admitted in part and denied in part. Defendant incorporates its response to paragraph 16 as if fully set forth herein.

33.     Denied. Paragraph 33 contains legal conclusions to which no response is required and allegations that Defendant lacks sufficient information to form a belief as to their veracity, and such allegations are therefore denied.

34.     Admitted in part and denied in part. Defendant admits that it has not remitted the amount of the Transfers (as defined in the Complaint) to Plaintiff. Defendant denies the remaining allegations in paragraph 34.

35.     The allegations and averments of paragraph 35 are legal conclusions to which no response is required, and such allegations are therefore denied.

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

36.     Defendant repeats the responses set forth in Paragraphs 1 through 35 above with the same force and effect as if fully set forth at length herein.

37.    Denied. Paragraph 37 contains legal conclusions to which no response is required and allegations that Defendant lacks sufficient information to form a belief as to their veracity, and such allegations are therefore denied.

38.    The allegations and averments of paragraph 38 are legal conclusions to which no response is required, and such allegations are therefore denied.

### COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

39.    Defendant repeats the responses set forth in Paragraphs 1 through 38 above with the same force and effect as if fully set forth at length herein.

40.    The allegations and averments of paragraph 40 are legal conclusions to which no response is required, and such allegations are therefore denied.

41.    The allegations and averments of paragraph 41 are legal conclusions to which no response is required, and such allegations are therefore denied.

42.    The allegations and averments of paragraph 42 are legal conclusions to which no response is required, and such allegations are therefore denied.

### COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

43.    Defendant repeats the responses set forth in Paragraphs 1 through 42 above with the same force and effect as if fully set forth at length herein.

44.    The allegations and averments of paragraph 44 are legal conclusions to which no response is required, and such allegations are therefore denied.

45.    Admitted in part and denied in part. Defendant admits that it has not remitted the amount of the Transfers (as defined in the Complaint) to Plaintiff. The remaining allegations in paragraph 45 are legal conclusions to which no response is required.

DMS_US.372033956.3

46.    The allegations and averments of paragraph 46 are legal conclusions to which no response is required, and such allegations are therefore denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against Defendant upon which relief may be granted.

2.    Any payment(s) received by Defendant prior the Petition Date and within ninety (90) days of the Petition Date is not subject to avoidance under section 547(c)(2).

3.    Any payment(s) received by Defendant prior to the Petition Date and within ninety (90) days of the Petition Date is not subject to avoidance under Section 547(c)(4).

4.    Any payment(s) received by Defendant prior to the Petition Date and within ninety (90) days of the Petition Date is not subject to avoidance under Section 547(c)(1).

5.    Defendant provided reasonably equivalent value in exchange for any transfer received from any Debtor, or any mediate or immediate transferee of such transfer from any Debtor.

5.    Defendant received any transfer in good faith and without knowledge of the voidability of the transfer.

6.    To the extent Defendant is found to have received a transfer that is subject to avoidance, Defendant asserts a right of setoff and/or recoupment with regard to indebtedness due by the Debtors to Defendant.

7.    Defendant reserves the right to amend its Answer and assert additional Affirmative Defenses based on information and documents received during discovery in this matter.

DMS_US.372033956.3

**WHEREFORE**, Defendant respectfully requests that (i) the Court enter judgment in its favor and against Plaintiff on each and every claim for relief, (ii) Plaintiff take nothing by way of the Complaint, (iii) the Complaint be dismissed with prejudice, and (iv) the Court grant such other and further relief as is just and appropriate.

Dated: July 21, 2025             **FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/  Joseph N. Argentina, Jr.*
Joseph N. Argentina, Jr. (DE 5453)
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201
Joseph.Argentina@faegredrinker.com

*Attorneys for Defendant VWR International, LLC*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 21st day of July 2025, I caused a true and correct copy of the foregoing document to be served upon the party listed below in the manner indicated:

Via CM/ECF and Email to:

SAUL EWING LLP
Evan T. Miller, Esq.
Email: evan.miller@saul.com
*Counsel to Plaintiff*

Dated: July 21, 2025                    **FAEGRE DRINKER BIDDLE & REATH LLP**

                                        */s/  Joseph N. Argentina, Jr.*
                                        Joseph N. Argentina, Jr. (DE 5453)
                                        222 Delaware Avenue, Suite 1410
                                        Wilmington, DE  19801
                                        Telephone: (302) 467-4200
                                        Facsimile:  (302) 467-4201

                                        *Attorneys for Defendant VWR International, LLC*